**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PEDRO CEDILLO MARTINEZ,

Petitioner,

v.

Case No. 2:26-cv-03807-MIS-JFR

DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

# ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Pedro Cedillo Martinez's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed November 13, 2026. The federal Respondents filed a Response on November 20, 2026.[1] ECF No. 5. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Mexico who has lived in the United States since the early 1980s, working mostly in agriculture and landscaping. Pet. ¶ 23. He has a son who is a United States citizen, stable housing, stable employment, and no criminal history. Id.

Nevertheless, on October 14 or 15, 2026, United States Immigration and Customs Enforcement officers arrested Petitioner in San Diego, California, without a warrant. Id. ¶¶ 2, 24; Resp. at 1. He has been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Pet. ¶ 13.

On October 29, 2026, Petitioner received a bond hearing. Id. ¶ 26. An Immigration Judge denied Petitioner bond, finding that he is a flight risk. Id. ¶¶ 28, 30. According to the Petition, the Immigration Judge based this finding "almost exclusively on Petitioner's manner of entry and the history of voluntary returns at the border." Id. ¶ 28.

On November 13, 2026, Petitioner filed the instant Petition. ECF No. 1. The same day, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief. In addition, the USAO's answer, if it opposes the petition because Petitioner has been provided a bond hearing, must provide sufficient information to establish the bond hearing was constitutionally adequate." ECF No. 4. On November 20, 2026, Respondents filed a Response. ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his warrantless arrest violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a). Pet. ¶¶ 31-41, 64-67. He further argues that his continued detention without a warrant violates Department of Homeland Security ("DHS") regulations, 8 C.F.R. §§ 236.1(c), 287.3(d). Pet. ¶¶ 42-48, 68-73. He further argues that his detention violates his right to due process. Id. ¶¶ 49-55, 74-83. Finally, he argues that his bond hearing was constitutionally inadequate. Id. ¶¶ 56-63.

Respondents argue that the Court lacks jurisdiction over the Immigration Judge's bond decision, Resp. at 2 (citing 8 U.S.C. § 1226(e)), and that Petitioner's detention during the pendency of his removal proceedings is constitutional, id. They argue that having received a bond hearing, Petitioner has been provided all of the process he is due. Id. at 2-3. Respondents wholly failed to respond to Petitioner's argument that his warrantless arrest violates the INA and that his continued detention without a warrant violates DHS regulations. See id.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not

address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' failure to address all of Petitioner's arguments constitutes a concession that Petitioner is being detained in violation of his rights under the INA and its implementing regulations. Indeed,

> As Petitioner points out, § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025); accord, e.g., J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); Ahmed M. v. Bondi, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). This is consistent with DHS regulations permitting immigration officers to "arrest[ ] and take[ ] into custody" individuals suspected of violating the immigration laws after the officers have obtained a warrant and an NTA. See 8 C.F.R. §§ 236.1(b), 1236.1(b); see also Ramirez Ovando v. Noem, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), appeal docketed sub nom., Ramirez Ovando v. Mullin, No. 26-1027 (10th Cir. Jan. 26, 2026).
>
> Without a warrant, however, the Government's authority to make immigration arrests is "more limited." Ramirez Ovando, 810 F. Supp. 3d at 1216 (quoting Arizona v. United States, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. See Ramirez Ovando, 810 F. Supp. 3d at 1216–17 (citing Roa-Rodriguez v. United States, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); Escobar

> Molina v. U.S. Dep't of Homeland Sec., 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[2] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

Quezada-Estrada v. Lyons, Case No. 26-cv-01599-NYW, 2026 WL 1361880, at *4-5 (D. Colo. May 15, 2026) (footnote in original).

Here, as in Quezada-Estrada, the record fails to demonstrate that the Government complied with these requirements when arresting and detaining Petitioner. See id. Consequently, the Court finds that Petitioner is entitled to habeas relief. And because Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See id. at *6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Pedro Cedillo Martinez from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;

[2] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. See United States v. Sanchez-Rivas, 752 F. App'x 601, 604 (10th Cir. 2018) (citing United States v. Ailon-Ailon, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

4. Respondents **SHALL NOT** re-detain Petitioner absent a final order of removal without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE